# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JONATHAN OKERE, )
)
          Plaintiff, )
)
v. ) No.
)
LUFTHANSA GERMAN AIRLINES, )
)
          Defendant. )

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, JONATHAN OKERE, and complains against the Defendant, LUFTHANSA GERMAN AIRLINES, [hereinafter, "Lufthansa"], as follows:

1. This is a proceeding for declaratory and injunctive relief and damages to redress the deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, <u>as amended</u>, and 42 U.S.C. §1983 ("Title VII").

## JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to Title VII, 42 U.S.C. §1983, as well as 28 U.S.C. §§1337 and 1343.

3. Defendant further constitutes an "employer" within the meaning of Title VII, 42 U.S.C. §1983, based on its engagement in an industry affecting commerce and its employment of fifteen (15) or more employees for each workup day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

4. The unlawful discriminatory conduct occurred in a flight that originated from the City of Chicago within the Northern District of Illinois. But the defendant also maintains an office at O'Hare Airport in the City of Chicago, Illinois within the Northern District

of Illinois. Accordingly, venue thus lies within this judicial district under 28 U.S.C. §1391(b). Venue further lies within this judicial district under 28 U.S.C. §1391[c], since Lufthansa does business in this judicial district.

## THE PARTIES

7. Plaintiff is a resident of the City of Chicago, Cook County, Illinois.

8. Defendant Lufthansa is a German corporation doing business in the Northern District of Illinois in the City of Chicago, State of Illinois, and was Plaintiff's airline carrier originating from the City of Chicago during the relevant period giving rise to this cause of action.

## ALLEGATIONS

9. The named Plaintiff, JONATHAN OKERE, is asserting claims for discrimination on the basis of color under Title VII of the Civil Rights Act of 1964, as amended.

10. Plaintiff is black and a minority, and, therefore, belongs to a protected group.

11. Lufthansa has engaged in a pattern and practice of discrimination.

12. Plaintiff was discriminated against because of his color, black.

13. On April 14, 2018, the Plaintiff was a passenger on Lufthansa Flight No. LH431 from Chicago O'Hare International Airport to Frankfurt De Frankfurt International Airport. A copy of his itinerary with Lufthansa booking code No. S7596P marked Exhibit "A" is attached hereto.

14. Upon the purchase of his flight ticket, he was assigned to Seat No. 49D.

15. On checking in at the airport, he was reassigned Seat No. 16J. A copy of his seating assignment in Seat No.16J marked Exhibit "B" is attached hereto.

16. Plaintiff has been traveling on Lufthansa Airlines for the last 34 years. He holds the

Lufthansa frequent mileage card No. 9920-0914-9591-688. A copy of said frequent mileage card marked Exhibit "C" is attached hereto.

17. While en-route on the Chicago-Frankfurt flight, the area around Seat No. 16J became too hot, and because the Plaintiff is diabetic, he was now reassigned to a premium seat.

18. It was about thirty (30) minutes remaining on the Chicago-Frankfurt flight to arrive into Frankfurt when the Director of the Flight, a white male, struck the Plaintiff on his shoulder to wake him up.

19. He asked the Plaintiff who moved him there?

20. Plaintiff responded that it was one of the Director's crew colleagues.

21. In reply, the Director stated to the Plaintiff as follows: "you must pay for the premium seat."

22. Plaintiff stated to the Director that the lady who moved him there did not ask him to pay for the seat.

23. The Director grabbed the Plaintiff's breakfast and stated that to him as follows: "you must pay and that if you do not pay, you would not get his breakfast back".

24. The Director then stated to the Plaintiff, "you, nigger, you must pay."

25. Most flight passengers around the Plaintiff's seat heard the Director's statement.

26. Plaintiff was shocked and embarrassed by the Director's statement but did not do anything reactionary.

27. The Director sent two ladies with a portable credit card machine to collect the payment from the Plaintiff.

28. Plaintiff gave them his credit card and he was charged 400 euros. A copy of the

receipt for payment of 400 euros marked Exhibit "D" is attached hereto.

29. Plaintiff then requested for the Director's name and employment identification number.

30. The Director refused to provide this information to the Plaintiff.

31. Instead, the Director stated to the Plaintiff that he was the Chief Director of Flight.

32. Upon arrival of the flight to Frankfurt, Germany, the Director called the airport German Police.

33. The Police came and had the Plaintiff walked with them to the airport police station.

34. The Police asked the Plaintiff as to what happened.

35. Plaintiff explained to the Police what happened and showed them the receipt for the 400 euros payment that he made for the remaining 30 minutes' flight to Frankfurt airport.

36. The Police asked for his passport and the Plaintiff gave them his US passport.

37. The Police gave the Plaintiff back his US passport and advised him to report the Director to Lufthansa airline.

38. The Police gave the Plaintiff their business card and advised him that they would be willing to discuss the incident if his US attorney needed to call them. A copy of the Police business card marked Exhibit "E" is attached hereto.

39. The Director's use of racial epithet, "nigger", in addressing the Plaintiff was racially motivated and discriminatory.

40. The Director's striking the Plaintiff on and about his body without authorization constituted assault and battery.

41. Plaintiff never asked to be transferred to the premium seat but the Director's female colleague offered the premium seat to the Plaintiff without any charge.

42. The Director's excessive charge of 400 euros for a thirty (30) minutes flight into Frankfurt was unreasonable and constitute an extortion from an innocent and unwary passenger.

43. Based on the foregoing, Plaintiff believes that he was discriminated against due to his color.

44. The Director has also committed battery on the Plaintiff.

45. The Director extorted the Plaintiff by charging an exorbitant and excessive sum of 400 euros for the remaining 30 minutes' short flight into Frankfurt.

17. Plaintiff was discriminated against because of his color, black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. Plaintiff was denied the same terms and conditions afforded to other passengers who were similarly situated as himself.

19. The hostile environment created by Lufthansa caused Plaintiff to have severe headaches, stress, anxiety, emotional distress, restlessness, fatigue, irritability, insomnia, and situational depression for which Plaintiff is under medical treatment.

### COUNT I
### TITLE VII
### COLOR

20. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-19 of the Complaint.

21. The Plaintiff, JONATHAN OKERE, has been subjected to different treatment on the basis of his color, black.

22. The claim is brought under Title VII, 42 U.S.C. §1983.

23. All of the foregoing discriminatory conduct enumerated above, occurred and were suffered by the Plaintiff solely because of his color, black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, for the foregoing reasons, the Plaintiff, JONATHAN OKERE, respectfully prays that this court enter a judgment against LUFTHANSA GERMAIN AIRLINES and in favor of the Plaintiff for compensatory damages including reasonable attorneys' fees and costs of litigation, and for such other and further relief that this Court deems reasonable and just.

## COUNT II
## BATTERY

24. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-23 of the Complaint.

25. Defendant owed Plaintiff a duty to exercise reasonable degree of care for Plaintiff's safety and well-being.

26. Defendant was negligent in one or more of the following respects:

    a. At that time and place, the Director negligently struck the Plaintiff's on his shoulder without his authorization in order to wake up Plaintiff.

    b. Failed to exercise a reasonable degree of care for the safety of the Plaintiff.

27. As a direct and proximate result of the Director's negligence and actions as aforesaid, Plaintiff sustained painful injuries as alleged. The aforesaid actions of the Director have caused Plaintiff severe mental and emotional distress and anguish.

WHEREFORE, for the foregoing reasons, the Plaintiff, JONATHAN OKERE, respectfully prays that this court enter a judgment against LUFTHANSA GERMAIN

AIRLINES and in favor of the Plaintiff for compensatory damages including reasonable attorneys' fees and costs of litigation, and for such other and further relief that this Court deems reasonable and just.

## COUNT III
## EXTORTION

28. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-28 of the Complaint.

29. The Director extorted the Plaintiff by charging him a sum of 400 euros for a thirty (30) minutes flight into Frankfurt, Germany.

30. The difference in charge for the economy airfare paid by the Plaintiff for the leg room from Chicago, USA to Frankfurt, Germany should have been only 101.12 euros.

31. The Director overcharged the Plaintiff by a sum of 298.88 euros.

32. The Director's conduct amounted to an extortion of the Plaintiff who had no option but to pay what the Director demanded in midair even though Plaintiff was given the leg room seat *gratis* by one of the Director's female colleague.

WHEREFORE, for the foregoing reasons, the Plaintiff, JONATHAN OKERE, respectfully prays that this court enter a judgment against LUFTHANSA GERMAIN AIRLINES and in favor of the Plaintiff for compensatory damages including reasonable attorneys' fees and costs of litigation, and for such other and further relief that this Court deems reasonable and just.

Case: 1:20-cv-02140 Document #: 1 Filed: 04/06/20 Page 8 of 10 PageID #:8

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-32 of the Complaint.

34. At that time and place, the Director was negligent in one or more of the following respects:

    a. At that time and place, the Director negligently struck the Plaintiff's on his shoulder without his authorization in order to wake up Plaintiff.

    b. Failed to exercise a reasonable degree of care for the safety of the Plaintiff.

35. Defendant's conduct subjected Plaintiff to an unreasonable risk of mental distress and suffering.

36. The Director's conduct is wanton and reckless and said conduct is such that violates the sensibilities of a reasonable person in the society.

37. By reason thereof, the acts of the Director caused Plaintiff to suffer and endure physical and emotional injuries, great distress of body and mind, pain and suffering, post-traumatic stress syndrome, costs of treating such injuries, and other consequential damages.

WHEREFORE, for the foregoing reasons, the Plaintiff, JONATHAN OKERE, respectfully prays that this court enter a judgment against LUFTHANSA GERMAIN AIRLINES and in favor of the Plaintiff for compensatory damages including reasonable attorneys' fees and costs of litigation, and for such other and further relief that this Court deems reasonable and just.

## COUNT V
## PUNITIVE DAMAGES

38. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-37 of the Complaint.

39. That the aforementioned acts, omissions and violations of the Director were attended by wanton and willful disregard for the rights and feelings of the Plaintiff, thus entitling the Plaintiff to the recovery of punitive damages.

WHEREFORE, for the foregoing reasons, the Plaintiff, JONATHAN OKERE, respectfully prays that this court enter a judgment against LUFTHANSA GERMAIN AIRLINES and in favor of the Plaintiff for compensatory damages including reasonable attorneys' fees and costs of litigation, and for such other and further relief that this Court deems reasonable and just.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action.

Respectfully submitted,

**JONATHAN OKERE**

By: /s/ Paul O. Otubusin
One of His Attorneys

Dated: April 6, 2020

Paul O. Otubusin, Esq.
ARDC No: 6205261
OTUBUSIN & ASSOCIATES, P.C.
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
E-mail: drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

## CERTIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Signed this 6th day of April, 2020.

_____
JONATHAN OKERE

Paul O. Otubusin, Esq.
**OTUBUSIN & ASSOCIATES, P.C.**
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
Firm No: 28406
E-mail: drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)